The next two cases, Martinez-Gonzalez and Firearms Policy Coalition v. City of San Diego, have been submitted on the briefs. So if the parties in the last case can approach. Just a minute, counsel. All right. This case is In re. John Doe v. U.S. District Court for the Central District of California. That's the respondent. And real parties in interest, Anastasia Krizup. I did butcher that too badly. And the United States of America. Before we start, I know that on AUSA Roach and Ms. Lawton are aligned on the same side. I don't know if you've discussed how the time is going to be divvied up. Both real parties in interest. We actually have opposing positions on the merits of the issue before the court. All right. I'm going to put. We'll be loose on the clock since this is the last case for argument. We'll put eight minutes on the clock for each party on that side, please. Your appearance, Mr. Axel. Yes. May it please the court. Douglas Axel on behalf of the victim petitioner in this matter. The victim here seeks to vindicate his rights under the CVRA to be treated with respect, with fairness and with respect for his dignity and privacy. This case began with a brief consensual relationship between the defendant and the victim. And when the relationship didn't go the way the defendant wanted, she proceeded to embark upon a vicious, long, lengthy campaign. Let's focus on the remedy part of it. I've read all of that. I can assure you. Will sealing do, permanent sealing? Your Honor, permanent sealing won't do because the defendant will obtain a copy of it. And given the demonstrated. What if permanent sealing without defendant's access? Yes, yes. In our view, sort of defendant's access is tantamount to public record. So, you know. So, from your perspective, complete relief would be afforded if we sealed the sentencing memorandum and did not allow access to it by the defendant? Yes, Your Honor. And as obviously, keep the other records that describe the offending language in this court that have already been sealed, permanently sealed. We don't need, under your view of the case, then to order somebody to rewrite the sentencing memorandum? No, Your Honor. No, Your Honor. Sealing would do. We have, there was redactions proposed below. So, everybody agrees that sealing is appropriate? Yes. I think the only dispute is between you and the defendant about whether he should have access, right? Correct, Your Honor. That's the only issue in front of us because you don't, you no longer think we need to order somebody to rewrite it? That was one of the remedies, you know. We, we, we. I understand. It's not, yeah. The judge is no longer there. If you got everything you wanted, what's the, what's the remedy? Yes, certainly a permanent sealing. With no access to the defendant?  What we want is the offending language which you described in the petition not to be disseminated either in the court's record or by the defendant. And the record is clear that if the defendant gets it, she will likely disseminate it in order to punish the victim. So, if, I think we know what you want. We don't have to worry about redactions or, or ordering somebody to rewrite it. I'm not sure what the authority for that would be. Permanent sealing with no access would be what you're asking for if you, if you got what you wanted. That would certainly do, Your Honor. Yes. That would, that would satisfy, that would, that would remedy the harm caused by the district courts. Let me make a suggestion to you and you can, you can do whatever you want. Now that we, now that we've narrowed the issues in this case, in the dispute, perhaps it's better for us to hear from the other side and give you a chance to respond. Let me just ask a couple of questions, please. So, let me, let me, one of the things you asked for in the petition was that any documents that had been previous documents or versions of his, of the court's proposed sentencing memorandum that had been, I guess, maybe even provided to the defendant be destroyed? Or do we know, are there any, are there any documents that you're concerned about, of any versions of this sentencing memorandum? Yes. Do we know if any of them have been, already been distributed? We, we don't know that. They, you know, they, they've been provided to counsel. Yeah. For the defendant. I, I do not know what counsel has or has not provided. I know that the defendant was subject to removal proceedings after the release from custody, but I, I don't know what already the defendant has. And obviously, yes, we would be concerned with anything that the defendant, you know, has already. I'm not sure if she's within the jurisdiction of the court, but. But we don't have any record on that. This is a mandamus petition. Yes. You never, there's nothing in this record from which we can conclude that anybody but the defense counsel has been provided with a, a copy of the memorandum? The record is silent as to whether counsel provided a copy of any of the affidavit.  To the defendant. But we can tell from the record that counsel saw the sentencing memorandum, yes? Yes. Counsel has it, and it's, yeah. Was there an order below, and I don't recall that in the record, by the district court that counsel not disseminate the memorandum until this appeal is concluded? No. There's no order of that. The district court did not order that. We requested that counsel, until this was sorted out, not provide a copy of the offending language. That was a request, but there's no district court order about that. Was there anything that prevented you from asking for such an order? We did. I, that was, I mean, there was, when we, you know, asserted rights and argued and submitted our pleadings below, we asked that it be permanently sealed and not be disseminated and provided to the defendant. And the district court didn't do that? The district court didn't do that. The district court determined in its order that, you know, submitted in the record that its revised version was sufficient. Yes. And I don't, I don't know whether it was, there was any order as to the original one. I didn't. Yeah. I was just curious, because your petition asked for any documents to be destroyed. Yes. At this, at this point, Your Honor, I. That's off the table? I mean, we would certainly, I think at this point, what's done is done. You know, the bell is ringing, and so you can't unring it. But at this point, the order should be not to provide any copies to the defendant. I think that's. And they object to that? They object to that, to my understanding, yes. Okay. Well, let's see what their position is then. Okay. Thank you. Okay, thank you. Your Honors, if it makes sense, I'm Andrew Roach on behalf of the United States. If I could present the government's position.  And then they, Counselor Ms. Krizou may go. If you can jump off of what we've been talking about. Yes. Thank you, Your Honors. Andrew Roach on behalf of the real party interest, United States of America. Jumping just off to what Judge Hurwitz said, I think there is a little bit of evidence in the record that defendant at minimum was able to read and review this sentencing memorandum at her sentencing. In the record, in the defense's answer to the petition, in the declaration of counsel paragraph. Okay. So let's assume, let's assume, I'm still trying to figure out what relief is in dispute here. Everybody agrees the memorandum should be sealed, including the other side?  Okay. And nobody, the petitioner is no longer seeking an order that we tell the district judge to rewrite it or do something like that? Correct. Okay. So the only dispute, I think, is whether or not the memorandum can be provided to the defendant. Correct. If it has already been provided to the defendant, let's assume, we can always order something going forward. Don't provide it going forward. If it's already been provided, is there anything we can do about that? I think the court should order it be destroyed because it'd be consistent with the court's decision to seal it. So if the court is going to grant the relief to permanently seal the document, which all parties agree to, and which frankly makes this court's job a little bit easier because if the court denied the petition under the CVRA, it would have to issue a written decision to explain it. But now that the court's already going to permanently seal that, I think part of that is to ensure that any of the other copies that should have permanently sealed, that they be returned or destroyed. So where does our authority to order destruction of documents come from? I think it's just within this court's inherent authority to control the records. I always get nervous when people say inherent authority. I mean, this is a mandamus, and the duty must be clear. And you want us to order the district court to destroy a document. We're not asking the district court. To be clear, we're not asking the district court to destroy a document. That document will be permanently sealed, and to the extent there is something in the future, it's to ensure that the defendant doesn't have a copy which would be consistent with this court's case law. Okay, now I want to be clear on this. So what you're saying is that we should order the district court not to provide a copy to the defendant? Correct. Well, I think it's a little bit hard to go to the historical fact, and I think defense counsel might be able to address some of these positions. Well, no, I'm just trying to figure out what. We have a mandamus petition. It's directed against the district court. You want us to say to the district court, we're ordering you to do something. Right. Everybody agrees we should order the district court to seal the record. Correct. But no fight about that. What else are we? Now you started by saying we should order the district court to destroy the document. No, no, I don't think I did. To the extent I did, I did. We should order the defendant to destroy the document? Well, I think that's so. There's no mandamus here against the defendant. I think let's kind of go back to I think we're all in agreement on sealing, and I guess the issue now is whether defendant gets a copy or not, and let me just. Right, so we can order the district court not to provide a copy.  That's a mandamus sort of thing. I think maybe I just stopped there and I say that I think there's a valid basis for this court to order the district court not provide defendant a copy of that sentencing memo. So assuming we go that far to say, all right, the parties are in agreement that sealing is appropriate, no dispute there. We make a ruling on the defendant's entitlement to the record. Now there's a lot of discussion about, like, well, what may have happened before and maybe the defendant has something that she's not entitled to. Those are factual issues, and to the extent that there's any uncertainty about that, would it be better that we just have the district court handle that? You're going to go back to the district court and whatever you ask for, ask it there. We don't have any. We can't even sort out some of these factual uncertainties that the parties seem to be struggling with, right? I agree, Your Honor. I think there's a lot of things we don't know about. So I think for the purpose of this court, the court can just say simply, writ of mandamus to the district court, number one, permanently seal the sentencing memorandum. Number two, the district court is prevented from giving defendant a copy. And the court could leave it at that, and that is what the government supports and the government would join in the victim's petition in that regard. Let me ask you this. The conditions of supervised release, she was on two years for supervised release? She's under, I believe, two years, but I think that's a little bit illusory in a sense because it's my understanding now that defendant was subject to removal proceedings. Last time I checked, she's no longer in immigration custody. Oh, I see. She was going to be removed. And if she's removed from this country, then any jurisdiction we have under supervised release is really illusory. Correct. So I think that is the predominant concern the government has. And in terms of the factual record, defendant does have a history of getting other records, whether they be from police or other agencies, and using them as part of her harassment, wherein lies the concern that the government has with respect to this case. Okay, we've got it. Thank you very much. Thank you, Your Honors. Can you put 10 minutes on the clock? Good morning, Your Honors. My name is Tara Castillo-Lawton of the Federal Public Defender's Office for Real Party and Interest, Anastasia Krizoub. Your Honor, I'll address what remains. Well, first let me just correct a factual point. Ms. Krizoub was sentenced to one year of supervised release, not two years. She's been removed. That's my understanding, yes. In terms of sort of the remaining point of dispute, all parties do agree that the sentencing memorandum should remain sealed at this point, and so we're joining the government's and the petitioner's request for that. In terms of whether our client should be permitted to have a copy of the sentencing memorandum, in its briefing the petitioner asked for a slightly different form of relief than what's been discussed today, which is that our client not be allowed to possess an unredacted version of the sentencing memorandum. And we could agree to that. Our client does have a due process right to have the court documents in her case. She's not appealing her sentence. She is not, but the government has filed a notice of appeal of her sentence. Okay, so her sentence is still before the court somewhere? There's a second pending appeal before the 9th Circuit. Okay, so your argument is she needs to be able to see the sentencing memorandum in order to argue her appeal, defend the appeal? That would be part of it, Your Honor. I think our client also has her own dignity right to possess a copy of the court's ruling. Well, that's the part I was trying to get to. Put aside the appeal for a second. What's the due process right to possess a court document that has no bearing on your sentence because you've already been sentenced and you haven't appealed it? So absent the appeal, I'm trying to figure out whether there's any reason why your client would want to have access to the report. I know why she wants it, but I don't know why she has a constitutional right to it. Well, respectfully, Your Honor, I think the burden is on the petitioner to show that there's some exception. You've now switched positions with the government. It's arguing, in the last case, arguing burdens of proof. I'm not worried about burdens of proof at the moment. What is your client's constitutional right to that document, aside from needing it to argue an appeal? Ms. Krizoub has a right to possess the document that explains the reasons. Well, you say that. Tell me what part of the Constitution that comes from. I think it's rooted in the due process clause. I'll confess that I looked for a particular site to provide the court on this. And I looked for one, too. I couldn't find one. Neither could I, but I think the reason for that, Your Honor, is that it's a truly extraordinary position for the petitioner to take in this case, that a criminal defendant should not be able to have a copy of a court order and the reasons why a court determined that a 14-month time served sentence was appropriate. It's really for the petitioner to come with some authority that would give the court the ability to deny her that right. She has her own interest in— You keep saying—we have a circular argument here. You're saying she has a right to this document and, therefore, the court must give a reason to deny her that right, and I'm trying to figure out the source of that right. I understand your argument on appeal. That makes some sense. I want to be able to argue that—I want to be able to defend the sentence, so I ought to be able to refer to the judge's sentencing memorandum. But independent of that argument, I'm not sure where the right comes from if you're not challenging the sentence. So, Your Honor, I think the court rules on this are illustrative. Even when a document is sealed, it doesn't prevent a party to a proceeding from having that document. What it prevents is the public from accessing it. Right, right, but, you know, you're not acknowledging the Crime Victims' Rights Act and the rights that the victim would have under that statute. I mean, there's no case that's really on point. So I think we're going to really—going to broader principles or fundamental principles, and under the Act, he's not without rights, right? And what's unusual about this situation is that there are statements in the document that are not proven anywhere. So, you know, as you know, most judges do—they do the oral pronouncement. They give all sorts of reasons. This is a very unusual situation with this extensive write-up. First, to have a written write-up, but to have a written write-up that's this extensive with lots and lots of allegations written as if they're true, that's very troubling to the court. I understand the court's concern. I think the petitioner is not claiming that it was legal error to issue a decision. He does make the assertion that it was unprecedented. I can tell the court from my experience, sometimes other judges do issue sentencing memoranda. There's certainly no rule prohibiting a district court from doing so. No, no, I'm not suggesting that there is. It's just that the way it was done in this case and the factual detail, including many things that the victim objected to, I think that's what's really unusual. And so I think that, you know, on the one hand, I'm not unsympathetic to your position that this is a defendant who's been sentenced. There's an appeal pending. She has a right to see the records filed in her case. But on the other hand, we do have to balance that against the nature of some of the statements in this document and looking out for what rights the victim has under the Act. So where is that? Where should we draw that balance? So I think under the Crime Victims' Rights Act, the only provision at issue here is 377188, the right to be treated with fairness and with respect for a victim's dignity and privacy. And there's no case law coming anywhere close to saying that A8 gives the petitioner the right to do what he's asking for here. The only case the petitioner cites that is actually a CVRA writ is the Kenna case, but that involved a different subpart of 3771. All right, so keeping that balancing that we need to do in this case, what's the appropriate remedy in this case? What do you want us to do? So, Your Honor, we agree that the sentencing memorandum should remain sealed. We would ask the court to order that. If the court is inclined to go further than that and grant the petitioner additional relief, we would ask that the court order just that our client not be able to have an unredacted copy of the sentencing memorandum, but not go further than that. Let me ask you this. When the parties showed up for sentencing, is that when the district court released its order, the first order? The district court circulated a tentative copy of the sentencing memorandum on May 20th, the day of the sentencing hearing. It did not get entered into the record until May 28th, which was the day that we went back to court for the second hearing on the redaction and sealing issues. And did the defendant have a chance to review it? We had a copy with us at counsel's table of the tentative sentencing memorandum, so she was able to briefly review it at that point. And was at that second hearing where the judge put a temporary stay on, correct? The judge took... This memorandum has never been in the public record. That's correct. That's what I was trying to get at. It's never been in the public record? It never has, no. It was issued on May 28th, but under seal, and allowed the petitioner to seek a writ before this court. And then this court then continued that sealing pending the outcome of this writ. Okay, and then you... Do you have the memorandum? So the original sentencing memorandum, before Judge Carney engaged in the many edits that he did, he ordered that that original one be destroyed. Okay. That's in his sentencing. That's why I understood that, but as to the amended one that's never been put in part of the public record, do you have that, physically have it? We all have it, yes. It's an exhibit to the petition before this court. Okay, right. So you can use that, I think, in your appeal, can you not? In the other sentencing appeal? Yes. I would assume so, yes. Okay, so why do you need it other than that? So you have it. I'm not worried about the due process for the appeal now, because nobody's saying you can't use it in your appeal under seal, et cetera. You just think, in general, you would like your client to have it? Our position is that there's no basis to withhold from a criminal defendant court orders explaining the reasons for sentencing that defendant to her time in custody. What if we left that issue just to the district court? You could go to the district court. We could enter an order if the parties all agree that it should be under seal and grant the relief to that extent, and if she wants a copy, any further proceedings should take place in the district court. I think that would be an appropriate way to handle this as well. If the court has no further questions, we would ask that the court order the sentencing memorandum permanently sealed, and if the court is inclined to engage in additional relief to order that our client not be able to have an unredacted version of the sentencing memorandum, but otherwise deny the petition. Thank you. Just a couple of points. Let me ask you this, counsel. Yeah, please. Did the government already work out a redacted copy? There is a redacted copy that was proposed to the court below, and it is submitted as part of our petition. It's Exhibit C with the redactions that were proposed. I will say that, and I recognize the remedy is kind of the toughest part of the case. What possible mischief are you concerned about if she had a redacted copy? Are you saying that that would cause an issue? And if so, what's the issue? No, that's the alternative relief we seek, and that would be that we would have objection. That's the relief that she seeks. Correct. Can we all join hands and sing kumbaya here? I think we're getting there, Your Honor. Do we make that decision or do we leave that to the district court? Yes. I think that if this court, you know, finds that there was a district court violated CVRA by including the offending language, as we, you know, in the sentencing memorandum, unnecessary to the sentence and maintains the ceiling. No, but we don't have to see. Now you're asking for more. The violation of the CVRA that concerns me is the public dissemination, would be the public dissemination of the memorandum, which everybody agrees has never been in the public record and should be placed under seal. Now the question is what do we do with the memorandum? Nobody disagrees, I take it, that the defendant under seal may use it to argue her criminal appeal. I'm looking at the government. No. Okay, so we're all holding hands on that. And now she says we'd like a redacted copy to be able to give to the defendant because we think the defendant has a right to that. And you're saying we don't mind if they get the redacted copy, right? As long as it's the appropriate redactions, which we can sort out in the district court. See, I thought you were going to say that having a redacted copy is still potentially problematic because when you see a document and there's a whole bunch of stuff blacked out, then there's potential inferences that can be drawn from that. But you're not making that argument. Well, we now have the court observation that the district court didn't have a basis for what's blacked out. No, see, but that's not what we're saying. The CVRA doesn't make us say the court didn't have a basis. We're not going to make a factual finding whether the court had a basis or not. The CVRA argument is different, which is that the victim is entitled not to have this stuff laid out on the public record for all to see. We're not going to make a finding that it's false or that the district court didn't have any basis for saying it. What we're going to make a finding is the district court couldn't put this on the public record. You can't ask us to make a finding that the district court had no basis for saying it without some sort of evidentiary hearing in which people get to make that argument. Maybe the best thing to do is to just go ahead and stop there, let the matter be sealed and the parties are in agreement on that, and leave the rest of it, whether it's redacted or she doesn't even get a copy of that, leave all that to the district court. Yes, Your Honor, that would be fine, and I'm confident we can sort it out at the district court with that sort of direction from this court. We, of course, would ask that in the meantime, nothing be provided to the defendant until it's litigated and approved by the district court. Is it so that I'm clear? The defendant's not seeking an unredacted copy. Am I right? I hate to kick you out of order, but we're conducting a settlement conference here. Are you seeking an unredacted copy to give to the defendant? Okay. All right. One final question. This case hasn't been reassigned to another district judge, has it? Correct. There's been nothing in front of the district court to reassign it at this point. All right. Thank you very much for your very helpful arguments today. Thanks to all counsel. The matter is submitted. That concludes the argument calendar for today, so we are in recess until tomorrow morning. All rise.
judges: PAEZ, NGUYEN, HURWITZ